### No. 166.—HENDERSON McFARLAND v. ELIAS CONNELL.

One partner in the planting business, can not sue for, nor recover in his individual capacity, cotton or other produce, made on the plantation, until the partnership affairs have been liquidated, and the proceeds divided. Therefore, the plaintiff in this suit, a partner, can not recover the cotton delivered by the other partners to defendant in payment for supplies furnished to make the crop.

APPEAL from the District Court, parish of Bossier. *Levisee*, J. *L. B. Watkins* and *J. D. Watkins*, for plaintiff and appellant. *Griffin & Snider*, for defendant and appellee.

HOWE, J. The plaintiff alleging that the defendant had wrongfully and tortiously taken and removed out of the possession, and from the

plantation and premises of plaintiff, fourteen bales of cotton, prayed for judgment for the amount of cotton or its value, and for $750 damages.

It appeared on the trial, that the plaintiff entered into an agreement in 1866, with B. F. Bruton and Louis Monzingo, by which a planting partnership was formed. By its terms the plaintiff was to furnish the use of certain land, and to supply one-half the mules, farming utensils, and rations, while his partners were to pay the wages, manage the hands and furnish the other half of necessary teams, utensils and rations. The net proceeds of the adventure were to be divided one-half to plaintiff, and the other half to Bruton and Monzingo. The enterprise seems to have been unsuccessful, the cotton in controversy being nearly all that was produced. This cotton was delivered to defendant by Bruton and Monzingo, who were indebted to him for supplies and money advanced. There is some evidence to show that plaintiff did not comply with his agreement in the matter of rations. It is claimed by defendant, and there is some testimony to support the assertion, that the laborers would have abandoned the place for want of food, if he had not advanced these supplies on the faith of the crop. However this may be, it does not appear on behalf of plaintiff that the partnership was ever liquidated, or the proceeds ever divided. The cotton for which the suit is brought, was, therefore, so far as we are advised, a partnership asset. It never belonged to plaintiff, and he had no more right to sue for it in this form of action than his co-partners had to turn it over to defendant. The allegation that the defendant "tortiously took and removed out of the possession and from the plantation and premises of plaintiff," certain cotton, not being proved, the court did not err in its judgment of nonsuit.

Judgment affirmed.